Mr. Bates, for the Crown.

Mr. Burbank, for the prisoners.

---

## KEKIEKIE vs. EDWARD DENNIS.

A Land Commission *Kuleana* award, held good as against a Royal Patent of anterior date, which expressly reserved the rights of native tenants.

This was an action of trespass brought by the plaintiff, a native, to recover damages, alleging that the defendant had taken away one of his kalo patches.

The plaintiff proved the taking, and offered in evidence a Royal Patent for the land, based upon an award from the Land Commission, and dated in December, 1850, as proof of his title.

The defendant offered in evidence a Royal Patent, for a land, which covered the land in dispute, bearing date in October, 1849; and contended that his Patent, being of an anterior date, gave him the best title, and was a full justification for the taking. As a further defence, the defendant showed that the plaintiff refused to go to his labor, (three days in each month,) and had made a verbal surrender of the land in dispute.

It appeared, however, that in the Royal Patent conveying the land

to the defendant, the King had made an express reservation of the claims of tenants.

CHIEF JUSTICE LEE, after giving a succinct history of the landed tenures of the kingdom, charged the jury that the defendant could not justify the taking under his Royal Patent, the King having expressly reserved in that conveyance the claims of native tenants—that Kekiekie was one of those tenants, who had duly entered his claim at the Land Commission previous to the date of the defendant's Patent, and subsequently, in 1850, received his award and Patent—that consequently the plaintiff's title was good against all the world. Moreover, said the Court, even if the King had not made this reservation, the plaintiff's title would be good; for the people's lands were secured to them by the Constitution and Laws of the kingdom, and no power can convey them away, not even that of Royalty itself. The King cannot convey a greater title than he has, and if he grants lands without reserving the claims of tenants, the grantee must seek his remedy against the grantor, and not dispossess the people of their kalo patches.

The Court also charged the jury that the defendant had no right to demand three days labor in every month from the plaintiff, and though they should find that Kekiekie had made a verbal surrender of the patch, yet if there was no *valuable consideration* given for such surrender, it was not binding upon the plaintiff.

The jury after a short absence rendered a verdict for the plaintiff in the sum of twenty-five dollars.

Mr. Harris for plaintiff.

Mr. Montgomery for defendant.